Mr. Justice ThacheR
delivered the opinion of the court.
This was an action at law upon a lost note. In this state there is good ground for holding, that a recovery can be had at law upon a lost note, because, by our statute, tvhoever derives title under the payee, must take the note subject to all the equities between the maker and the payee. Story on Prom. Notes, 431. The statute H. & H. 373, sec. 12, obviates most of the difficulties which stand in the way of the propriety of a suit at law upon a lost,note which is negotiable.
The note sued upon was made payable to “ Reuben Hause, agent for Reed, Bro’s & Thomas.” Upon the trial, it appeared that the note was given in settlement of an account due from Clark & Carroll to Reed, Brothers & Thomas, and that the contract of payment was to them and not to Hause. The legal title was in them. It would have been a different case had the term “ agent,” &c. been employed by Hause merely as discriptio persona., or had it been made to him for the use of his principal. These plaintiffs, therefore, rightly instituted the suit in their own names. Story, Agency, § 154-160, 169, 394,' 395.
It is insisted, that the first count of the declaration is defective in containing no averment of a promise to pay the plaintiffs. But there was a verdict; and a bill of exceptions to the overruling a motion for a new trial embodies all the evidence, showing that the promise to pay the 'plaintiffs was sufficiently proved, as well as enough to sustain the verdict. The defect in the count was then cured by our statute of jeofails, which is very broad, and which declares that no judgment, after verdict, shall be stayed or reversed “ for omitting the averment of any matter, without proving which, the jury ought not to have given any such verdict,” &c.
The case of Reaves et al. v. Dennis, 6 S. & M. 89, relied upon by the plaintiff in error to take this case out of our statute of jeofails, did not turn upon the pleadings but the proof. The court did not at all doubt but that the defect in the declaration was cured by the verdict. The statute was intended to cure defects in the pleadings, but not in the proof. In that case, upon a vital point there was no proof, and the verdict was *558 therefore without evidence, and contrary to law. To hold that such a verdict cured all deficiencies in the proof, would go far to make juries the supreme and ultimate arbiters in all cases. In a word, the statute of jeofails or amendments, by its terms, relates only to the pleadings and formal proceedings; it does not, either in letter or spirit, purport to cure defects in the evidence. This was the whole extent of the decision in the case of Reaves v. Dennis.
The judgment in this case must be affirmed.